JOSEPH G. WICK    CSBN 102951
THE WICK LAW OFFICE
137 N. Larchmont Boulevard
Suite 527
Los Angeles, CA  90004-3704

Telephone:  213-446-7226
E-Mail:     joe.wick@yahoo.com

Attorney for Defendant/Counterclaimant,
KEYLINK SERVICE SOLUTIONS, INC.

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGICLINK, INC., a Michigan corporation<br><br>Plaintiff,<br><br>vs.<br><br>KEYLINK SERVICE SOLUTIONS, INC., a Nevada corporation; Robert Basulto, an individual; and DOES 1 to 10<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SACV07-1056 DOC (MLGx)<br><br>Hon. David O. Carter, Judge<br>Hon. Marc L. Goldman, Magistrate<br><br>ORDER ON STIPULATION FOR PROTECTIVE ORDER |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.     In connection with discovery proceedings and settlement negotiations in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter, the "Order"). Confidential information is information which has not been made public and which concerns or relates to the production, sales, shipments, purchases, transfers, identification of customers,

inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm partnership, corporation or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

    By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Rule 26(g) of the Federal Rules of Civil Procedure.

    2.    Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

    3.    Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

    4.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

    5.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the

paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated as follows:

    (a)    A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action.

    (b)    Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action.

    (c)    Certified court reporter(s) employed in this action.

    (d)    A witness at any deposition or other proceeding in this action; and,

    (e)    Any other natural person as to whom the parties agree in writing.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Exhibit "A" attached hereto, a copy of which shall be provided forthwith to counsel for each party to this action.

    6.    Depositions shall be taken only in the presence of the parties' attorneys and qualified persons.

    7.    The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter, the "Eyes Only Material"), in the manner described in Paragraphs 2 and 3 hereinabove, in which case the stamp shall indicate "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – A.E.O" or similar prominent marking. Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the qualified persons set forth in subparagraphs 5(b) through (e) hereinabove, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Eyes Only Material is made pursuant to this Paragraph, all other provisions in

this Order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Eyes Only Material, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted (b) or, to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action for the purpose of the prosecution, defense, or settlement of this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of

any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, ~~and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder~~. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED:

Dated: 8-1-08

_____
Peter F. Musielski, Esq.
Attorney for Plaintiff/Crossdefendant

Dated: 8-1-08

_____
Joseph G. Wick, Esq.
Attorney for Defendants/Crosscomplainants

APPROVED AND SO ORDERED:

Dated 8/14/08

_____
MARC L. GOLDMAN
U. S. MAGISTRATE JUDGE

EXHIBIT "A"

**NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in ***Logiclink, Inc. v. Keylink Service Solutions, Inc. et al.***, Case No. SACV07-1056 DOC (MLGx), in the United States District Court for the Central District of California, and, for good and valuable consideration, the receipt of which is hereby acknowledged, hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of that Court. Further, I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

/s/ _____

_____
(PRINTED NAME)